McKinney, J.,
delivered the opinion of the Court.
This suit was brought before the mayor of the corporation of Greenville, to recover a penalty alleged to have been incurred by the plaintiffs in error, for a violation of an ordinance of the corporation.
The judgment of the mayor was affirmed on an appeal to the Circuit Court; and the case is brought here by an appeal in error.
The material facts are stated in an agreed case con *63 tained in the record; from which, it appears that, by an ordinance of the corporation, “ all hay that is bought and brought within the limits of said corporation, to be used by persons residing within its limits, shall be weighed on the hay-scales, erected for the mutual accommodation of the seller and buyer.” The weigh-master is entitled to a fee of fifteen cents for each two-horse load, and twenty-five cents for each four-horse load so weighed. And every person refusing to obey this ordinance is declared liable to a penalty of two dollars for every violation thereof.
It further appears that the defendants below purchased a stack of hay somewhere in the county, but beyond the limits of the corporation; and that they hauled, with their own wagon and team, two loads of hay from said stack, within the limits of said corporation, and to be used therein at the livery-stable of which they were the proprietors, in said town, and refused to submit to have the same weighed, or to pay the weighmaster’s fees.
Upon these facts, the question to be decided is, Does the ordinance, properly understood, apply to the case stated in the record ?
We shall pass by, at present, without any intimation of opinion, the question of the constitutionality of the ordinance, as construed by the corporation; also the question whether or not the ordinance is authorized by the law creating the corporation; and likewise the question whe- • ther the ordinance is a restraint of trade or a regulation of it; and confine ourselves to the consideration of the question before stated, that being sufficient for the determination of the present case.
The power and jurisdiction of the corporation, it must be remembered, are confined to its own limits, and to its *64 own internal concerns; and its by-laws are binding npon none but its own members, and those properly within its jurisdiction.
The by-laws of a corporation are to receive a reasonable construction, so as, if practicable, to make them consistent with the law of its incorporation, and likewise with the general and fundamental laws of the State. The by-law under consideration is somewhat ambiguous. How are the words, “All hay that is bought and brought within the limits of the corporation,” etc., to be understood ? Do they mean that hay “bought,” no matter where, if brought within the corporation, shall be subject to this regulation ? Or, that it shall only apply to hay “bought” within the limits of the corporation ? The by-law seems to admit of but one sensible • construction; and that is, that persons bringing hay within the limits of the corporation, to be sold and used there, shall be required to sell it by weight. And of this, no just complaint can be made; for, coming voluntarily within the jurisdiction of the corporation, and offering the product of their farms for sale in its market, they subject themselves to the corporate regulations, ordained for the benefit and protection of the members of the corporation.
It is obvious that the ordinance in question operates upon the seller and not upon the buyer. No one would be heard to say that it was intended to prohibit a farmer of the county from selling a stack or load of hay, on his farm, to a member of the corporation, without having the same weighed. And, as the ordinance does not operate upon the buyer, it is clear that the latter has a perfect right to haul the hay home for his own use, within the corporation, without being required to have it weighed. *65 To such, a case, the ordinance can have no application.
In this view, the judgment of the Circuit Court will he reversed; and judgment will he rendered for the plaintiffs in error, according to the agreed case stated in the record.